| **Fill in this information to identify your case:** |
| --- |
| United States Bankruptcy Court for the: |
| DISTRICT OF DELAWARE |
| Case number *(if known)* _____  Chapter __11__ |

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy 04/20

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document,** *Instructions for Bankruptcy Forms for Non-Individuals,* **is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Columbia Land Co., LLC** |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 35-2496826 |
| 4. | **Debtor's address** | **Principal place of business** 4029 Industrial Way, Longview, WA  98632 Number, Street, City, State & ZIP Code  Cowlitz County County  **Mailing address, if different from principal place of business** _____ P.O. Box, Number, Street, City, State & ZIP Code  **Location of principal assets, if different from principal place of business** _____ Number, Street, City, State & ZIP Code |
| 5. | **Debtor's website** (URL) | |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) ☐ Partnership (excluding LLP) ☐ Other. Specify: _____ |

Debtor  **Columbia Land Co., LLC**_____    Case number (*if known*)_____
       Name

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☒ None of the above

B. *Check all that apply*

- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**5313**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11. *Check **all** that apply*:
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☒ No.
☐ Yes.

If more than 2 cases, attach a separate list.

| District | When | Case number |
|---|---|---|
| District | When | Case number |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | See attached Rider | | Relationship | |
|---|---|---|---|---|
| District | | When | Case number, if known | |

Debtor  **Columbia Land Co., LLC**  Case number (*if known*) _____
       Name

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
   Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____
       Contact name _____
       Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☒ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☒ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor **Columbia Land Co., LLC**
Name

Case number (*if known*)

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   12/03/2020
              MM / DD / YYYY

**X**   */s/ Darin T. Adlard*              Darin T. Adlard
       Signature of authorized representative of debtor       Printed name

Title   Vice President of Finance, Lighthouse Resources Inc.

**18. Signature of attorney**

**X**   */s/ L. Katherine Good*            Date   12/03/2020
       Signature of attorney for debtor               MM / DD / YYYY

**L. Katherine Good**
Printed name

**Potter Anderson & Corroon LLP**
Firm name

**1313 North Market Street
Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone   **302-984-6000**       Email address   **kgood@potteranderson.com**

**5101 DE**
Bar number and State

# RIDER

## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (including the debtor in this chapter 11 case, collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. The Debtors have moved for joint administration of their cases with the lead case number assigned to the chapter 11 case of debtor Lighthouse Resources Inc.

1. Lighthouse Resources Inc.
2. LHR Coal, LLC
3. KCP, Inc.
4. Big Horn Coal Company
5. Rosebud Coal Sales Company
6. KCP Properties, Inc.
7. Decker Holding Co., LLC
8. Decker Coal Company, LLC
9. Montana Royalty Holdings, LLC
10. LHR Infrastructure, LLC
11. Millennium Bulk Terminals-Longview, LLC
12. Barlow Point Land Company, LLC
13. Columbia Land Co., LLC
14. Gulf States Bulk Terminal, LLC

# WRITTEN ACTON OF THE SOLE MANAGER OF
# COLUMBIA LAND CO., LLC

December 1, 2020

THE UNDERSIGNED sole manager (the "Manager") of Columbia Land Co., LLC, a Delaware limited liability company (the "Company") hereby approves and adopts the following recitals and resolutions in lieu of a special meeting in accordance with the Delaware Limited Liability Company Act and applicable provisions of the Company's Operating Agreement:

WHEREAS, the Manager has considered the financial and operational aspects of the Company's business and the recommendations of the Company's professionals and advisors and has deemed it desirable and in the best interest of the Company, its creditors, members, and other interested parties that a petition (the "Petition") be filed by the Company seeking relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

WHEREAS, the Manager has received a copy of the Petition and discussed it with the Company's professionals and advisors.

NOW THEREFORE, BE IT RESOLVED, that the Company be, and hereby is, authorized to file or cause to be filed a chapter 11 case (the "Chapter 11 Case") under the provisions of the Bankruptcy Code in the Bankruptcy Court; and be it further

RESOLVED, that Robert Novak be, and hereby is, appointed as Chief Restructuring Officer to act on behalf of the Company; and be it further

RESOLVED, that each officer of the Company, including Robert Novak and each of their respective designees and delegates (collectively, the "Authorized Officers"), acting alone or with one or more Authorized Officers, be, and hereby is, authorized, empowered and directed on behalf of and in the name of the Company to execute, verify, and cause to be filed all petitions, schedules, lists, motions, applications, pleadings and other papers or documents, necessary to commence a case and obtain relief under the Bankruptcy Code, including but not limited to motions to obtain the use of cash collateral and provide adequate protection therefor, to obtain debtor in possession financing, and to take any and all further acts and deeds that they deem necessary, proper and desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of such case.

**RETENTION OF PROFESSIONALS**

RESOLVED, that the Company be, and hereby is, authorized and empowered to employ the law firm of Jackson Kelly PLLC as general bankruptcy counsel to represent and assist the Company in the Chapter 11 Case, subject to any requisite Bankruptcy Court approval; and be it further

RESOLVED, that the Company be, and hereby is, authorized and empowered to employ the law firm of Potter Anderson & Corroon LLP as local bankruptcy counsel to represent and assist

the Company in the Chapter 11 Case, subject to any requisite Bankruptcy Court approval; and be it further

RESOLVED, that the Company be, and hereby is, authorized and empowered to employ BDO USA LLP as restructuring advisor and to provide management services to the Company, subject to any requisite Bankruptcy Court approval; and be it further

RESOLVED, that the Company be, and hereby is, authorized and empowered to employ Jones Lang Lasalle Americas, Inc. to market and sell assets related to the dock facility owned by Millennium Bulk Terminals-Longview, LLC; and be it further

RESOLVED, that the Company be, and hereby is, authorized and empowered to employ Energy Ventures Analysis to market and sell coal mining assets; and be it further

RESOLVED, that the Company be, and hereby is, authorized and empowered to employ Stretto as claims and noticing agent and administrative agent for the Company in the Chapter 11 Case, subject to any requisite approval of the Bankruptcy Court; and be it further

RESOLVED, that the Company be, and hereby is, authorized and empowered to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and be it further

RESOLVED, that each Authorized Officer be, and hereby is, authorized, empowered and directed, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers and fees, and cause to be filed an appropriate application for authority to retain the services of each of the forgoing professionals and advisors, and any other professionals or advisors as such Authorized Officer deems necessary, appropriate or desirable; and be it further

RESOLVED, that each Authorized Officer be, and hereby is, authorized, empowered and directed, on behalf of and in the name of the Company, to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, in connection therewith employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals, and take and perform any and all further acts and deeds that such Authorized Officer deems necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of this case.

**DIP FINANCING**

WHEREAS, in the judgment of the Manager, it is desirable and in the best interests of the Company, its creditors and other parties-in-interest, taken as a whole, that the Company obtain the use of cash collateral and post-petition financing.

NOW THEREFORE, BE IT RESOLVED, that each Authorized Officer, and any employee or agent (including counsel) designated by or directed by such Authorized Officer, be and hereby is, authorized, empowered and directed on behalf of and in the name of the Company, to negotiate and obtain the use of cash collateral and post-petition financing and to enter into and execute any financing or cash collateral agreement and all documents ancillary thereto on terms and conditions

2

as such Authorized Officer in his/her discretion may deem necessary, appropriate or desirable in order to fully carry out the intent and accomplish the purpose of the resolutions adopted herein.

**SALE OF ASSETS**

WHEREAS, in the judgment of the Manager, it is desirable and in the best interests of the Company, its creditors, stockholders, and other parties-in-interest, taken as a whole, that the Company sell substantially all of its assets to a purchaser pursuant to section 363 of the Bankruptcy Code.

NOW THEREFORE, BE IT RESOLVED, that each Authorized Officer and any employee or agent (including counsel) designated by or directed by such Authorized Officer be, and hereby is, authorized, empowered and directed, in the name of and on behalf of the Company, to take or cause to be taken any and all such further actions, and to execute, and deliver any asset purchase agreement or similar document and any and all such ancillary agreements, certificates, instruments and other documents, as such Authorized Officer in his/her discretion may deem necessary, appropriate or desirable in order to fully carry out the intent and accomplish the purpose of the resolutions adopted herein.

**RESTRUCTURING SUPPORT AGREEMENT**

WHEREAS, the Manager has considered presentations by the management and the financial and legal advisors of the Company regarding a restructuring support agreement (the "Restructuring Support Agreement");

WHEREAS, the Company has negotiated the Restructuring Support Agreement in good faith and at arm's-length with the other parties thereto;

WHEREAS, the Restructuring Support Agreement provides that the Company may terminate that agreement if continued performance thereunder would be inconsistent with the exercise of the Manager's fiduciary duties or applicable law; and

WHEREAS, in the judgment of the Manager, it is advisable and in the best interests of the Company, its creditors, stockholders, and other parties-in-interest, taken as a whole, that the Company enter into the Restructuring Support Agreement, substantially in the form previously provided to the Manager.

NOW THEREFORE, BE IT RESOLVED, that the form, terms and provisions of the Restructuring Support Agreement, substantially in the form previously provided to the Manager, the Company's execution of, and performance of its obligations under, the Restructuring Support Agreement, and the consummation of the transactions contemplated thereby, be and hereby are, in all respects, authorized and approved; and be it further

RESOLVED, that each Authorized Officer shall be, and hereby is, authorized and empowered to make such changes or additions to the Restructuring Support Agreement as such Authorized Officer, in his or her sole discretion, may deem necessary, appropriate or advisable, and the execution and delivery of the Restructuring Support Agreement by such Authorized Officer with any such changes or additions thereto being conclusive evidence that such Authorized Officer deemed such changes or additions to be necessary, appropriate or advisable; and be it further

RESOLVED, the Company is hereby authorized, and the Authorized Officers shall be, and hereby are, authorized, empowered and directed on behalf of and in the name of the Company, in consultation with the Company's advisors, to take all actions (including, without limitation, to negotiate and execute any agreements, documents, or certificates) necessary to enter into the Restructuring Support Agreement and to consummate the transactions contemplated thereby in connection with the Chapter 11 Case, and that the Company's execution of, and performance of its obligations under, the Restructuring Support Agreement (any such other agreements, documents, or certificates) hereby is, in all respects, authorized and approved.

**GENERAL**

RESOLVED, that, in addition to the specific authorizations heretofore conferred upon the Authorized Officers and the employees or agents (including counsel) designated by or directed by any Authorized Officer, each Authorized Officer and any employee or agent (including counsel) designated by or directed by such Authorized Officer be, and hereby is, authorized, empowered and directed in the name of and behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such further agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, as such Authorized Officer in his/her discretion may deem necessary, appropriate or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and be it further

RESOLVED, that the Manager has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to receive such notice; and be it further

RESOLVED, that all actions taken by any Authorized Officer to carry out the purposes and intent of the foregoing resolutions prior to their adoption be, and hereby are, approved, ratified and confirmed; and be it further

RESOLVED, that each Authorized Officer be, and hereby is, authorized, empowered and directed to take all actions, or to not take any action in the name of the Company, with respect to

4

the transactions contemplated by these resolutions, as such Authorized Officer shall deem necessary, appropriate or desirable in such Authorized Officer's reasonable business judgment to effectuate the purposes of the transactions contemplated herein; and be it further

RESOLVED, that this consent may be executed in as many electronic or original counterparts as may be required, and all counterparts shall collectively constitute one and the same consent.

IN WITNESS WHEREOF, the undersigned has executed this written consent as of the date first set forth above.

_____
Everett King

Being the sole manager of:

Columbia Land Co., LLC

6

**Fill in this information to identify the case:**

Debtor name Columbia Land Co., LLC

United States Bankruptcy Court for the: _____ District of DE
(State)

Case number (If known):

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders    12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Big Horn County Treasurer 121 W. 3rd Street Room 203, Hardin, MT 59034-0908 | Denise Rios 406.665.9837 drios@bighorncountymt.gov | Government Contracts | N | | | $6,196,490 |
| 2 | Montana Department of Revenue PO Box 5805 Helena, MT 59604-5805 | 406.444.6900 dorcustomerassistance@mt.gov | Government Contracts | N | | | $4,484,001 |
| 3 | Office of Natural Resources Rev PO Box 25065, Denver Federal Center, Denver, CO 80225-0065 | 1.800.433.9801 x3668 Rebecca Dyess 303.231.3322 Rebecca.Dyess@onrr.gov | Government Contracts | N | | | $3,295,076 |
| 4 | ICF Jones & Stokes, Inc. PO Box 775367 Chicago, IL 60677-5367 | Zeeshawn Amin 206.801.2800 zeeshawn.Amin@icf.com | Professional Services | N | | | $1,802,873 |
| 5 | RCF Mgmt Invoices 1400 Sixteenth Street Ste 200, Denver, CO 80202 | Ross Bhappu 720.946.1444 rbhappu@rcflp.com | Lender/Owner | N | | | $1,263,940 |
| 6 | Department of the Treasury Internal Revenue Service Ogden, UT 84201-0009 | None | Black Lung Tax | N | | | $404,254 |
| 7 | Anchor QEA 1202 3rd Ave, Suite 2600 Seattle, WA 98101 | Kendra Skellenger 503.924.6179 kskellenger@anchorqea.com | Professional Services | N | | | $346,536 |
| 8 | Cowlitz County Treasurer 207 N. 4th Ave, Room 202 Kelso, WA 98626 | Tracy McDaniel 360.577.3060 McDaniel.Tracy@co.cowlitz. | Property Taxes | N | | | $218,161 |

Debtor  Columbia Land Co., LLC  Case number (*if known*) _____
      Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | Stoel Rives LLP<br>760 SW Ninth Avenue, Suite 3000, Portland, OR 97205 | Tom Newlon<br>800.305.8453<br>accountsreceivable@stoel.com | Professional Services | N | | | $213,228 |
| 10 | Holmes Family Limited Partnership Royalties<br>1099 Carrara Court | Shelly Holmes<br>307.751.4459<br>Sdholmes2@msn.com | Royalty | N | | | $179,226 |
| 11 | Venable LLP<br>PO Box 62727<br>Baltimore, MD 21264-2727 | Danielle Pace<br>410.528.2805<br>DPace@Venable.com | Professional Services | N | | | $165,050 |
| 12 | Buckley Powder Co.<br>PO Box 17532<br>Denver, CO 80217-0532 | Kim Frazer<br>303.350.5128 | Trade Debts | N | | | $137,897 |
| 13 | Carlile Enterprises, Inc.<br>3336 Daybreaker Drive<br>Park City, UT 84098 | David Carlile<br>435.513.3163<br>d.carlile@lhr-inc.com | Professional Services | N | | | $110,000 |
| 14 | Terra Hydr<br>PO Box 3616<br>Portland, OR 97208 | 503.612.9200 | Professional Services | N | | | $107,283 |
| 15 | Interstate Power Systems, Inc.<br>1140 Main Street<br>Billing, MT 59107 | 1.800.823.4334 | Trade Debts | N | | | $105,528 |
| 16 | NMV International, LLC<br>20308 Watermill Road<br>Purcellville, VA 20132 | Mel Richmond<br>mel.richmond@newmagellan.com | Professional Services | N | | | $100,000 |
| 17 | Arnold Machinery Company<br>10766 So Highway 59<br>Gillette, WY 82718 | Don Darling<br>800.972.400 x0929<br>ddarling@arnoldmachinery.com | Trade Debts | N | | | $79,960 |
| 18 | KOMATSU EQUIPMENT COMPANY<br>1486 South Distribution Dr., Salt Lake City, UT 84104 | Robert Richens<br>801.952.4739<br>Robert.richens@komatsuna.com | Trade Debts | N | | | $77,019 |
| 19 | Grette Associates<br>151 S. Worthen Street, Suite 101<br>Wenatchee, WA 98801 | 509.663.6300 | Professional Services | N | | | $73,646 |
| 20 | Davis, Graham & Stubbs, LLP<br>1550 17th Street Ste 500<br>Denver, CO 80202 | Susanne Joslin<br>303.892.7593<br>susanne.joslin@dgslaw.com | Professional Services | N | | | $65,395 |

Debtor    Columbia Land Co., LLC                        Case number (*if known*)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 21 | Equipment Maintenance Service<br>3382 Bird Drive<br>Gillette, WY 82718 | Laurie Wasson<br>307.682.8773<br>Laurie.wasson@sulzer.com | Trade Debts | N | | | $63,634 |
| 22 | Story Partners<br>1000 Potomac Street, NW, Suite 102, Washington DC, 20007 | Debra Cabral<br>202.706.7800<br>Debra.Cabral@StorypartnersDC.com | Professional Services | N | | | $60,615 |
| 23 | Department of Ecology-Wastewater Permit<br>PO Box 47611<br>Olympia, WA 98504-7611 | 800.633.6193<br>Wqfee_unit@ecy.wa.gov | Regulatory Agency/ Wastewater Permit | N | | | $58,900 |
| 24 | National Environmental Strategies, Inc.<br>2600 Virginia Avenue NW Suite 505 | Madonna Mitchell<br>202.333.2524<br>Madonna_mitchell@nes-dc.com | Professional Services | N | | | $50,905 |
| 25 | Esco Corporation<br>14785 Collections Center Drive,<br>Chicago, IL 60693 | LeAnn Wilson<br>307.277.6741<br>Leann.Wilson@mail.weir | Trade Debts | N | | | $49,829 |
| 26 | Montana Dept of Environmental<br>PO Box 200901<br>Helena, MT 59620-0901 | Matthew Dorrington<br>406.444.4967<br>Matthew.dorrington@mt.gov | Government Contracts | N | | | $42,210 |
| 27 | Rimpull Corporation<br>PO Box 748<br>Olathe, KS 66051-0748 | 913.782.4000 | Trade Debts | N | | | $41,741 |
| 28 | Weston Strategic, LLC<br>679 Heald Road<br>Weston, WY 82731 | Wendy Hutchinson<br>360.560.9333<br>w.hutchinson@lhr-inc.com | Trade Debts | N | | | $41,650 |
| 29 | Cypress Advisory, LLC<br>1028 33rd Street NW<br>Washington, DC 20007 | Paige Weinstein<br>202.337.1661<br>paige@cypressgroupdc.com | Professional Services | N | | | $40,000 |
| 30 | Kiewit Royalty Trust<br>Trust Division, US Bank National Association<br>1700 Farnam Street<br>Omaha, Nebraska 68102 | 402.536.5100 | Royalty | N | | | $36,926 |

Official Form 204    **Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims**    page 3

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| LIGHTHOUSE RESOURCES INC., *et al.*,[1] | ) ) | Case No. _____ |
| Debtors. | ) ) ) | (Joint Administration Requested) |

## **CONSOLIDATED STATEMENT OF CORPORATE OWNERSHIP**

Pursuant to rules 1007(a) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Lighthouse Resources Inc. ("Lighthouse") and its affiliated debtors and debtors in possession (the "Debtors") respectfully represent as follows:

- Lead-Debtor Lighthouse is the ultimate parent of all debtor entities and provides centralized management and administrative services for the Debtors.

- Lighthouse owns 100% of the equity interests in LHR Coal, LLC ("LHR Coal").

- LHR Coal owns 100% of the equity interests of Decker Holding Co., LLC ("Decker Holding").

- Decker Holding owns 100% of the equity interests in Decker Coal Company, LLC and Montana Royalty Holdings, LLC.

- LHR Coal owns 100% of the equity interests in Big Horn Coal Company and Rosebud Coal Sales Company.

- LHR Coal owns 100% of KCP Properties, Inc. and KCP, Inc.

- Lighthouse owns 100% of the equity interests in LHR Infrastructure, LLC ("LHR Infrastructure").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Lighthouse Resources Inc. (4713), LHR Coal, LLC (4799), KCP, Inc. (2558), Big Horn Coal Company (7087), Rosebud Coal Sales Company (9016), KCP Properties, Inc. (8372), Decker Holding Co., LLC (8881), Decker Coal Company, LLC (3731), Montana Royalty Holdings, LLC (1107), LHR Infrastructure, LLC (9619), Millennium Bulk Terminals-Longview, LLC (0354), Barlow Point Land Company, LLC (1398), Columbia Land Co., LLC (6826), and Gulf States Bulk Terminal, LLC (5870). The location of the Debtors' service address in these chapter 11 cases is 10980 South Jordan Gateway, South Jordan, Utah 84095.

- LHR Infrastructure owns 100% of the equity interests in Millennium Bulk Terminals-Longview, LLC ("<u>MBTL</u>") and Gulf State Bulk Terminal.

- MBTL owns 100% of the equity interests in of Barlow Point Land Company, LLC and Columbia Land Co., LLC.

- Lighthouse owns 100% of the equity interests in non-Debtor Lighthouse Products LLC.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| LIGHTHOUSE RESOURCES INC., *et al.*,[1] | ) | Case No. _____ |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

**LIST OF EQUITY HOLDERS**[2]

Pursuant to rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, Millennium Bulk Terminals-Longview, LLC owns 100% of the equity interests in Columbia Land Co., LLC.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Lighthouse Resources Inc. (4713), LHR Coal, LLC (4799), KCP, Inc. (2558), Big Horn Coal Company (7087), Rosebud Coal Sales Company (9016), KCP Properties, Inc. (8372), Decker Holding Co., LLC (8881), Decker Coal Company, LLC (3731), Montana Royalty Holdings, LLC (1107), LHR Infrastructure, LLC (9619), Millennium Bulk Terminals-Longview, LLC (0354), Barlow Point Land Company, LLC (1398), Columbia Land Co., LLC (6826), and Gulf States Bulk Terminal, LLC (5870). The location of the Debtors' service address in these chapter 11 cases is 10980 South Jordan Gateway, South Jordan, Utah 84095.

[2] This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of the chapter 11 cases.

IMPAC 6955821v.1

**Fill in this information to identify the case and this filing:**

Debtor Name _____Columbia Land Co., LLC_____

United States Bankruptcy Court for the: _____ District of  Delaware
                                                                                    (State)

Case number (*If known*): _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ❏ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ❏ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ❏ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ❏ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ❏ *Schedule H: Codebtors* (Official Form 206H)
- ❏ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ❏ Amended *Schedule* ____
- ❏ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ❏ Other document that requires a declaration____Statement of Corporate Ownership/List of Equity Holders_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   12/03/2020       ✘ /s/ Darin T. Adlard_____
         MM / DD / YYYY             Signature of individual signing on behalf of debtor

                                                                Darin T. Adlard_____
                                                                Printed name

                                                                Vice President of Finance, Lighthouse Resources Inc.
                                                                Position or relationship to debtor